IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WOODROW BRATCHER, JR., individually and on behalf of all others similarly situated | § § § § | |
| Plaintiff, | § § | Civil Action No. 5:18-cv-00631 |
| v. | § § | |
| DIRECTIONAL PROJECT SUPPORT, INC., and WILLIAM GARDNER, Individually | § § § | JURY DEMANDED |
| Defendants. | § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Woodrow Bratcher, Jr., individually and on behalf of all others similarly situated files this Original Collective Action Complaint, and states:

**I.  SUMMARY**

1.  This is a collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff routinely worked in excess of 40 hours per week on Defendants' behalf but was not paid lawfully for doing so because Defendants misclassified Plaintiff and others as "exempt" from the FLSA and only paid them on a day rate basis.  Plaintiff files this suit on behalf of himself and all other similarly-situated former and current workers. Defendants' actions in failing to pay Plaintiff and its other workers overtime in violation of the FLSA were "willful."

**II.  PARTIES**

2.  Plaintiff Woodrow Bratcher, Jr. ("Plaintiff") is an individual and his Consent to proceed in this action is attached as "Exhibit A."

3. The Plaintiff and "Class Members" are Defendants' current and former frontline workers who were paid on a day rate basis and were known as Welding Inspectors, Safety Inspectors, or who performed similar duties but were referred to by distinct titles.

4. Defendant Directional Project Support, Inc. ("DPS") does business and is headquartered in this District and can be served with process through its registered agent, John Roger Cox, who may be served at 1790 Hughes Landing Blvd., Suite 400, The Woodlands, TX 77380-3534 USA or wherever he may be found.

5. Defendant William Gardner ("Gardner") is an individual who may be served at 33311 LOIS LANE, STE A MAGNOLIA, TX, 77354 or wherever he may be found.

### III.   JURISDICTION AND VENUE

6. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

7. Venue is proper in this District because the events forming the basis of the suit occurred in this District and one or more of the Parties resides in this District.

### IV.   COVERAGE

8. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

9. At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce,

or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.     FACTUAL ALLEGATIONS

12. Defendant DPS is a horizontal directional drilling business and does business throughout Texas, Ohio, and the United States. Defendants earn over $500,000.00 per year in gross sales.

13. Defendant Gardner holds himself out as the President of DPS in which capacity he has controlled the day-to-day operations of Defendant DPS. Specifically, during this time period, Gardner (1) had the power to hire and fire Plaintiff and the Class Members; (2) controlled the amount Plaintiff and the Class Members were to be paid for each hour of work; and (3) regularly controlled and established company rules for Plaintiff and the Class Members.

14. Plaintiff specifically was referred to as a "Welding Inspector" for Defendants during the three years prior to the filing of this lawsuit, occupied this position for a period of several consecutive years, and until approximately April 2018.

15. In this capacity, Plaintiff's primary duty was to perform the pipeline inspection work on Defendants' various job sites. Plaintiff was one of Defendants' frontline field employees, primarily performing manual labor tasks, including in and around Defendants' job sites outside in various oilfields. Plaintiff performed non-discretionary tasks as he was assigned and instructed at regular meetings.

16. Plaintiff routinely worked over 40 hours per week. In fact, he was often required to work in excess of 70 hours in weeks covered by this lawsuit and for Defendants. However, he was not paid overtime for doing so. Defendants knew that Plaintiff worked in excess of 40 hours per week and they allowed and directed him to do so.

17. Plaintiff is entitled to receive overtime pay for all hours worked in excess of 40 per work week and lawful minimum wage. Defendants are aware of the FLSA's requirements and chose not to pay Plaintiff lawfully. Defendants received complaints regarding the excessive work hours and lack of overtime pay. Defendants willfully treated Plaintiff as exempt from the FLSA and refused to pay him overtime pay and in accordance with the law.

## VI. COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff and Class Members were subjected to the same pay provisions in that they were paid under the same pay plan and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. Specifically, Plaintiff and the Class Members were paid on a day rate basis and not paid overtime premium pay for their overtime hours worked. Accordingly, the Class Members victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff.

19. Defendants' failure to pay Plaintiff and the Class Members at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job title, requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week and lawful minimum wage. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

20. Defendants knowingly, willfully, or with reckless disregard carried out this illegal pattern or practice of failing to pay overtime compensation and minimum wage with respect to Plaintiff and the Class Members.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

21. During the relevant period, Defendants violated and are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed or by failing to pay minimum wages to such employees. Defendants acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII. RELIEF SOUGHT

22. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

      d.      For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

      e.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Jay Forester_____

**FORESTER HAYNIE PLLC**

J. FORESTER
ATTORNEY IN CHARGE
Texas Bar No. 24087532
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
(214) 346-5909 fax

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document will be served on Defendants with the summons for this lawsuit.

/s/ J Forester_____